UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS A. ROMEO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MARSHALL, et al.,<br><br>　　　　Defendants. | NO. CV 07-2486-JFW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the Third Amended Complaint ("TAC"); the Magistrate Judge's Report and Recommendation ("R&R"); the Objections to the R&R filed on February 19, 2010;[1] and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge.

The Magistrate Judge found that Plaintiff failed to create a genuine issue of material fact that he had a protected property interest in $3,000 he received in violation of prison regulations under either the *Board of Regents* standard[2] or the

---

[1] Defendants did not file a response to Petitioner's objections.

[2] *Board of Regents v. Roth*, 408 U.S. 564, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972).

*Sandin* standard.[3] (R&R at 9, 11.) Even assuming Plaintiff could establish a protected property interest and assuming he was entitled to the process outlined in *Hill*,[4] the Magistrate Judge found that Plaintiff "failed to create a genuine issue of material fact that he was not afforded due process." (*Id.* at 13.)[5] Finally, the Magistrate Judge found that even assuming Plaintiff could create a genuine issue of material fact as to a violation of his constitutional rights, "the lawfulness of Defendants' actions in this case was not clearly established" at the time of alleged violation, and Defendants were therefore entitled to qualified immunity. (*Id.* at 14.)

Plaintiff's Objections do not address the issue of whether he had a protected property interest in the $3000. Instead, Plaintiff argues Defendants violated his due process rights by cutting a check and returning the $3000 to the source on March 9, 2005, prior to the hearing on March 30, 2005. (Objections at 1-2.[6]) Plaintiff attaches a computer printout from his trust account dated April 12, 2005, indicating that a check to the source, David Howerton, for $3,000 was printed on March 9, 2005. (Objections, Ex. C.)[7] However, the R&R acknowledged that Plaintiff's trust account was debited $3000 on March 9, 2005. (R&R at 4.) Senior Accounting Officer Supervisor Carney's declaration stated that on March 9, 2005, a debit of $3,000 was posted to Plaintiff's trust account.

---

[3] *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995).

[4] *Superintendent v. Hill*, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985)

[5] In Plaintiff's opposition to the motion for summary judgment, he did not challenge the process afforded him before or during the disciplinary hearing. (R&R at 12.)

[6] For ease of reference, the Court has paginated Plaintiff's Objections.

[7] Contrary to Plaintiff's argument, Exhibit C does *not* indicate that the check was mailed to Howerton on March 9, 2005, only that it was "printed" on March 9, 2005. (Objections, Ex. C.)

2

(Carney Decl. ¶ 4.)  A trust account statement attached to Carney's declaration reflects the transaction.  (*Id.*, Ex. B, AGO-0115.)  The funds were held in the Accounting Office and were not returned to the source until October 12, 2005, well after the March 30, 2005 hearing and the time for appeal had run.  (*Id.* ¶ 4; *see also* Reply, Ex. A at AGO-0120 (indicating that a check for $3,000 payable to Howerton was mailed to the parole officer on October 12, 2005).)  Approval for the transaction on March 9, 2005 was given by Associate Warden Alves-Wright, who is not a named defendant in this action, after receiving an Investigative Unit Report.  (R&R at 4 & n.3.)  Plaintiff does not appear to contest the Defendants' ability to put a "hold" on the funds pending the hearing.  (Objections at 2.)  Even assuming Plaintiff could show a protected property interest, Plaintiff does not create a genuine issue of material fact as to a violation of due process rights.[8]

Plaintiff's Objections do not challenge the Magistrate Judge's conclusion that Defendants are entitled to qualified immunity even assuming Plaintiff could establish a violation of a constitutional right.  (R&R at 13-14.)

In his objections, Plaintiff asserts a new claim that is not in the TAC. Plaintiff argues for the first time that he was charged with and found guilty of committing a Division "B" offense, even though his offense is not listed in the California regulations as a Division "B" offense.  (Objections at 4.)  Division "B" offenses, which impose a credit forfeiture of 121-150 days, are listed in 15 Cal. Code Regs. § 3323(d).

To the extent Plaintiff is requesting leave to amend the complaint, it is denied because of unreasonable delay and futility.  "The timing of the motion,

---

[8] Plaintiff's Objections challenge footnote 8 in the R&R, which cites to a declaration by Mr. Marshall to the effect that an inmate may lawfully receive money pursuant to the regulation at issue by fully disclosing the source of the money and obtaining prior authorization or approval, and finds that Plaintiff did not do so.  (R&R at 11 n.8.)  Plaintiff's Objections do not dispute that Plaintiff did not obtain such authorization and do not create a genuine issue of *material* fact. (Objections at 4.)

3

after the parties had conducted discovery and a pending summary judgment motion had been fully briefed, weighs heavily against allowing leave. A motion for leave to amend is not a vehicle to circumvent summary judgment." *Schlacter-Jones v. General Telephone of Calif.*, 936 F.2d 435, 443 (9th Cir. 1991), *overruled on other grounds by Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 692-93 (9th Cir. 2001) (en banc); *M/V American Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 ("a motion for summary judgment was pending and possible disposition of the case would be unduly delayed by granting the motion for leave to amend").

Moreover, the proposed amendment would be futile because the claim involves Plaintiff's loss of good time credits and must therefore be brought as a habeas petition. *See Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003) ("Futility alone can justify the denial of a motion to amend."). Claims for "declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed [the deprivation of good time credits]" at a disciplinary hearing are "not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). Any adjudication in Plaintiff's favor would necessarily invalidate the punishment, the loss of good time credits, and is therefore not cognizable under § 1983. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) ("whether a judgment in favor of a § 1983 plaintiff necessarily implies the invalidity of his underlying conviction [depends on] the particular facts of the . . . proceeding leading to the allegedly improper detention"). "[A] state prisoner seeking injunctive relief against the denial or revocation of good-time credits must proceed in habeas corpus, and not under § 1983." *Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002).[9]

Petitioner's remaining objections are without merit.

---

[9] The Court expresses no opinion as to the viability of a habeas petition.

4

1       IT IS ORDERED that the Report and Recommendation is adopted, and
2 that Judgment be entered dismissing this action with prejudice.

4 DATED: March 5, 2010

                                        JOHN F. WALTER
                                        United States District Judge